**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **MARCUS TATE,** | : |
| **Plaintiff,** | : |
| vs. | : CA 08-0587-WS-C |
| **GATORADE, INC., et. al,** | : |
| **Defendants.** | : |

**REPORT AND RECOMMENDATION**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) on a motion to dismiss (Doc. 2) filed October 7, 2008, by defendants SVC Manufacturing, Inc. and Sedgwick Claims Management Services, Inc. ("Sedgwick"), against plaintiff Marcus Tate. After a careful review of the record, the undersigned recommends that the defendants' motion be **GRANTED** and Mr. Tate's claim **DISMISSED** for failure to state a claim on which relief can be granted.[1]

**I.  BACKGROUND**

**A.  Factual Background/Procedural History**

The plaintiff in this action, Mr. Marcus Tate, has filed suit against Defendants for pain and suffering caused after imbibing an allegedly

---

[1] Also, after noting the nature of Plaintiff's *pro se* filings and the confusion which they foster, it is the undersigned's belief that granting the alternative relief sought by Defendants would not be in the best interests of judicial economy or the efficient administration of justice.

poisoned soft drink manufactured by SVC Manufacturing ("SVC").  Mr. Tate's claim was removed from the Circuit Court of Escambia County into this Court on October 7, 2008. (Doc. 1.)  Defendants filed a motion to dismiss (Doc. 2) that same day, and this Court on October 9, 2008, directed that any response to Defendants' motion from Mr. Tate would be due by October 24, 2008, giving Defendants until October 31st to reply to any such response.  (Doc. 5.)  In the time between that order and October 24, 2008, Mr. Tate has filed a motion to remand (Doc. 6), a document he termed "Notice of Removal" (Doc. 10), and a motion he labeled as "Notice to Reduce Punitive Damage and Further Remove this Action Back to Escambia County" (Doc. 11).  None of these have been or are capable of being construed as responses to Defendants' Motion to Dismiss, and none of the various ill-plead motions since that date seem to bear on Defendant's motion either.  (Docs. 15, 21, 22, 23, 24, 25, and 26.)  In this regard, the undersigned agrees with Defendants that there is no discernible opposition to their 12(b) motion.  (Doc. 19, p. 2.)

**II. DISCUSSION**

**A. Motion to Dismiss**

**1. Standard of Law**

To survive a 12(b)(6) motion to dismiss, a complaint must "as a threshold matter provide 'a short and plain statement of the claim showing

that the pleader is entitled to relief' as required by Rule 8(a)(2)." *Mallory v. GMS Funding, LLC*, 2008 WL 2782886, *1 (S.D. Ala.), quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  After this bar has been overcome, the undersigned notes that "when considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993).  While a plaintiff need not submit meticulously-detailed factual allegations, they must contain more than "labels and conclusions," and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1965.  Moreover, "factual allegations must be enough to raise a right to relief above the speculative level," and plaintiffs must nudge their claims "across the line from conceivable to plausible [or] their complaint must be dismissed." *Id*. at 1965, 1974.  The Eleventh Circuit has taken these words from our Supreme Court and added the clarification: "Facts that are merely consistent with the plaintiff's legal theory will not suffice when, without some further factual enhancement, they stop short of the line between possibility and plausibility of entitle[ment] to relief." *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (2007) (quoting *Twombly*, 127 S.Ct. at

1966).

Next, "[i]f 'a claim has been stated adequately, it may be supported by showing any set of facts consistent with the complaint.'" *Mallory*, 2008 WL 2782886 at *1, quoting *Twombly*, 127 S.Ct. at 1969.  Even more pointedly, "a motion to dismiss [for failure to state a claim] may be granted only when a defendant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mallory*, 2008 WL 2782886, at *1, quoting *Kirwin v. Price Communications Corp.*, 391 F.3d 1323, 1325 (11th Cir. 2004).

In the *pro se* context, the applicable standard regarding a motion to dismiss is somewhat relaxed.  *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596 (1972) (stating that the allegations of a *pro se* plaintiff are held to a more lenient standard than the allegations of an attorney); *but see GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (relating that the Court does not have the authority "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that a *pro se* litigant "is subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure."); *L.S.T. v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995) ("[S]ufficient detail must be given so that defendant, and the Court, can obtain a fair idea of what the plaintiff is

complaining, and can see that there is some legal basis for recovery."). With the above standards in mind, the undersigned now begins the task of considering the merits of the parties' dispute.

## 2. Mr. Tate's Claim Against Defendants

Mr. Tate's claim, labeled "vague" and "confusing" by Defendants, seems to be centered on the unpleasant aftermath Mr. Tate experienced as an inmate at the GK Fountain Correctional Facility from consuming a beverage allegedly manufactured by SVC or Gatorade. (Doc. 2, p. 1.)  In Mr. Tate's rambling complaint (Doc. 1, Exhibit B), he offers Defendants the chance to settle his claims for $6,500,000, and warns the Defendants that their inaction will result in him seeking a $300,000,000 verdict.  (Doc. 1, Exhibit B, p. 2-3.)  Precious few communications contained within Mr. Tate's complaint conceivably support his claim for damages, however.  Mr. Tate mentions a total of two sections of U.S. Code, 21 U.S.C. §§ 346 and 360, and one case, *Mulligan v. Pfizer, Inc.*, 850 F.Supp. 633 (S.D.Ohio 1994) in support of his $300,000,000.00 claim, yet none of these authorities are relevant to the parties' dispute.  21 U.S.C. § 346 regards regulations concerning poisonous or deleterious substances in food at the manufacturing level, and certainly provides no cause of action or other support for Plaintiff's claim.  21 U.S.C. § 360 directs the registration of producers of drugs or "device packages" relating to them, and again is

inapposite to Plaintiff's case.  *Id*.  Finally, *Mulligan*, *supra*, is also of no help to Mr. Tate, as it concerns an allegedly faulty prosthetic knee device and involved as a central question the federal preemption of state law, a matter totally foreign to any relevant aspect of the case before the undersigned.

After reviewing Mr. Tate's motion with as much charity as possible, the undersigned is unable to find that Mr. Tate has raised his claim beyond the realm of the possible and into the realm of the probable.  In other words, Mr. Tate's wholly inadequate *pro se* pleadings (to use a loose construction of that term) fail to surmount even the lesser standards owed to such litigants.  Indeed, *Twombly*'s mandates prevent the undersigned from reaching any other conclusion than that Plaintiff's claim must be dismissed in the interests of the efficient resolution of justice and in fairness to SVC and Sedgwick, companies who have been thus far forced to expend valuable resources in responding to what now appears to have been a meritless complaint.

### III. Conclusion

In keeping with the standards pronounced by the Supreme Court in *Twombly*, *supra*, and the Eleventh Circuit in various decisions, the undersigned recommends that Defendants' Motion to Dismiss (Doc. 2) be **GRANTED**.  Specifically, the undersigned finds that Mr. Tate has not

proffered any evidence that raises his right of recovery above the

speculative level, and thus Defendants' motion must stand.

      **DONE** this 21st day of November, 2008.

                           s/WILLIAM E. CASSADY
                           UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.     *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in

more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                        s/WILLIAM E. CASSADY
                                        UNITED STATES MAGISTRATE JUDGE